```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


EDWARD SWAIM,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   No. 4:08-CV-1324-CEJ
                                       )
CIRCUIT COURT OF ST. LOUIS CITY,       )
et al.,                                )
                                       )
            Defendants.                )
```

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Edward Swaim (registration no. 517743) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $90.23, and an average monthly account balance of $42.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.05, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Circuit Court of St. Louis City, Brocca Smith (Missouri public defender), and Matthew Waltz (Missouri public defender). Plaintiff alleges that in connection with his underlying state criminal charges, his state-appointed public defenders have rendered him ineffective assistance with regard to taking depositions, obtaining a bond reduction, and asserting his right to a speedy trial.

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to Brocca Smith and Matthew Waltz, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The complaint is also legally frivolous as to defendant Circuit Court of St. Louis City, because Missouri courts are not suable entities under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $18.05 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 7th day of October, 2008.

_____
**UNITED STATES DISTRICT JUDGE**